

IN THE UNITED STATES DIESCTOR COURT

FOR THE DISTRICT OF ALASKA

RECEIVED SEP 21 2021
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

| | |
|---|---|
| MARCO A. FLORES<br><br>    Plaintiff<br><br>v.<br><br>ANCHORAGE FIRE DEPARTMENT<br>AND<br>POLICE OFFICERS "JOHN DOE 1 to 15"<br><br>AND<br><br>ANCHORAGE POLICE DEPARTMENT<br>AND<br>CAPTAIN MICHAEL HETTRICK<br>AND<br>CAPTAIN PAUL BADAILCH<br>AND<br>FIREFIGHTER JAKE BENDER<br>AND<br>FIREFIGHTER GERALD KEMPTON<br>AND<br>FIREFIGHTER BRIAN LEIGH<br>AND<br>FIREFIGHTER BRIAN PARTCH<br>AND<br>SRCAP MICHAEL STUMBAUGH<br>and<br>FIREFIGHTER "JOHN DOE 1 to 30"<br>AND<br>BRIAN BALEGA<br><br>AND<br><br>BUREAU OF ALCOHOL TOBACCO<br>FIREARMS, and EXPLOSIVES | CASE NO. #: 3:21-cv-00212-TMB<br><br>JUDGE:<br><br>**CIVIL RIGHTS COMPLAINT**<br><br>**42 U.S.C. §1983: FOURTH, FIFTH AND FOURTEENTH AMENDMENTS** |

COMES NOW the Plaintiff, MARCO A. FLORES and for his Complaint against Defendants, state and alleges as follows:

## JURISDICTION

1. This is an action for injunctive relief and damages to 42 U.S.C. §1983 based upon the continuing violations of Plaitniff's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution Jurisdiction pursuant to 28 U.S.C. §1331 and 1342 based on 42 U.S.C. §1983 and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §2201 (a) and 2202. Supplemental jurisdiction over Plaintiff's state law claims is pursuant to 28 U.S.C. §1367.

2. Venue is proper in District of Alaska in that all events and conduct complained herein all occurred in Anchorage Municipality, District of Alaska.

## PARTIES

3. Plaintiff MARCO A. FLORES is an individual who resides at: 1425 W. 27th Ave, Unit 4, Anchorage, Alaska 99503.

4. Defendant, ANCHORAGE FIRE DEPARTMENT, is a municipal entity with the capacity to sue and be sued. Employees of the ANCHORAGE FIRE DEPARTMENT have engaged in the acts complained of herein.

5. Defendant, CAPTAIN MICHAEL HETTRICK, He is an individual employee of Defendant ANCHORAGE FIRE DEPARTMENT who was on site and directed the unlawful destruction of evidence.

6. Defendant, CAPTAIN PAUL BADAILCH RICK, He is an individual employee of Defendant ANCHORAGE FIRE DEPARTMENT who was on site and directed the unlawful destruction of evidence.

7. Defendant, FIREFIGHTER JAKE BENDER, He is an individual employee of Defendant ANCHORAGE FIRE DEPARTMENT who was on site and directed the unlawful destruction of evidence.

8. Defendant, FIREFIGHTER GERALD KEMPTON, He is an individual employee of Defendant ANCHORAGE FIRE DEPARTMENT who was on site and directed the unlawful destruction of evidence.

9. Defendant, FIREFIGHTER BRIAN LEIGH, He is an individual employee of Defendant ANCHORAGE FIRE DEPARTMENT who was on site and directed the unlawful destruction of evidence.

10. Defendant, FIREFIGHTER BRIAN PARTCH, He is an individual employee of Defendant ANCHORAGE FIRE DEPARTMENT who was on site and directed the unlawful destruction of evidence.

11. Defendant, SRCAP MICHAEL STUMBAUGH, He is an individual employee of Defendant ANCHORAGE FIRE DEPARTMENT who was on site and directed the unlawful destruction of evidence.

12. Defendant, UNKNOWN FIRERIGHTER JOHN DOE 1 TO 30, are individuals' employee of Defendant ANCHORAGE FIRE DEPARTMENT who was on site and directed the unlawful destruction of evidence.

13. Defendant, BRIAN BELGA, is the Lead Fire Investigator with the ANCHORAGE FIRE DEPARMENT. He is an individual employee of Defendant ANCHORAGE FIRE DEPARTMENT who was on site and directed the unlawful destruction of evidence. He also provided false information that led to the false arrest of Plaintiff in relations to the fire in home on December 4, 2001, that resulted in the death of Plaintiff's wife.

14. Defendant, ANCHORAGE POLICE DEPARTMENT, is a municipal entity with the capacity to sue and be sued. Employees of the ANCHORAGE POLCE DEPARTMENT have engaged in the acts complained of herein.

15. Defendant, UNKNOWN POLICE OFFICERS JOHN DOE 1 TO 15, are individuals employee of Defendant ANCHORAGE POLICE DEPARTMENT who was on site and directed the unlawful destruction of evidence, denial of due process of law.

16. Defendant, BUREAU OF ALCOHOL TOBACCO, FIREARMS, and EXPLOSIVES

## FACTS

17. Plaintiff and his family rented a Condo owned by Norma Russell, the home was located at 2361 Homestead Court, Anchorage, Alaska.

18. Plaintiff and his wife (Angela) spent the night prior to at a local hotel and arrived home on or about December 4, 2011, at approximately round 5 am.

19. Upon arrival at home, Plaintiff and his wife had a little argument, which lead to the Plaintiff barracking himself in his room. Leaving wife in the kitchen and downstair area.

20. Plaintiff's son (Marco Flores, Jr) and granddaughter (Isabella) was also in the home.

21. Plaintiff asked his son, who was home to check on his wife several times during this time.

22. Plaintiff falls asleep.

23. On around December 4, 2011, at approximately around 8:45 am a fire broke out of Condo located at 2361 Homestead Court, Anchorage, Alaska.

24. Plaintiff, his son, and granddaughter escaped from the second floor through second floor bedroom windows.

25. Plaintiff tried to re-enter in the home by the front door.

26. The Anchorage Fire Department responded to the fire, upon arrival they found both the first and second floor fully engulfed with flames.

27. Upon entry of the home, Unit T03 of the Anchorage Fire Department was ordered to do secondary sweep of the home.

28. The secondary sweep of the home located a body near the kitchen area.

29. Plaintiff being distraught, walked to his son's home a few blocks away.

30. Upon arrival at son's, Plaintiff was found to be n shock, his son called the ambulance to come to treat his father.

31. Answering to the door to what believe was the ambulance, to find 4 Anchorage Police Officers.

32. The Anchorage Police Officers, enter the home without permission and began to do an illegal search.

33. Once the Ambulance showed up to take Plaintiff to the hospital.

34. Plaintiff was treated at the hospital for Lower back pain, right ankle pain, right hand pain and left elbow pain.

35. Plaintiff had snoot noted on his lips.

36. Plaintiff was diagnosed with Boxer's metacarpal fracture.

37. While receiving treatment in Emergency room, the Plaintiff was interviewed by more Anchorage Police officers.

38. Following discharge from the hospital, on or about December 4, 2011, Plaintiff went to the Anchorage Police Department, where he was detained another 6 to 7 hours.

39. Prior to leaving the police department, Plaintiff was told he is being charged with Arson and 1st Degree Murder.

40. At this time of the being informed of charged, the fire has not been investigated, nor autopsy report was completed on wife (Angela) body.

41. Autopsy found that Plaintiff's wife, died from insultation of some.

42. The investigation of fire stated they could not determine the official cause because there could not fine an electrical or mechanical reason for the fire.

43. The investigation of the fire assumed stared by human, however, they could not give exact area of the start of the fire.

44. On or about September 12, 2015, Plaintiff was charged by the Grand Jury on Count 1 – Murder in the 1st Degree, Count 2 – Murder in the 2nd Degree, Count 3 – Manslaughter, Count 4 – Criminal Mischief of the 1st Degree, Count 5 – Arson in the First Degree and Count 6 – Assault in the 2nd Degree.

45. Plaintiff was charged and denied bail.

46. Plaintiff served 36 months and plead less charge of Assault 2 – injury with weapon intent.

## FIRST CAUSE OF ACTION
## 42 U.S.C §1983 – FALSE ARREST CLAIMS

47. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth hereto.

48. Defendants at all times relevant to this action were acting under color of state law.

49. Defendants unlawfully deprived Plaintiff of his rights when they false arrested him on claims with no probable cause. Defendants required Plaintiff to appear at police station day of the fire and held him for 5 to 6 hours, then notify him that he was being charged. However, there was no probable cause to hold him, nor evidence to support the charges at the time.

50. Defendants recklessly, maliciously, and under color of state law deprived Plaintiff of Plaintiff's liberty rights under the Fourth Amendment to the United States Constitution, which are secured through the Fourteenth Amendment, by forcing Plaintiff's to be arrested without a warrant or any probable cause to believe Plaintiff committed any crime.

51. This deprivation under color of state law is actionable under or may be redressed by 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
## 42 U.S.C §1983 – FOURTEENTH AMENDMENT

47. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth hereto.

48. Defendants at all times relevant to this action were acting under color of state law.

49. Defendants unlawfully deprived Plaintiff of his rights of Due Process of Law, *nor shall any State deprive any person of life, liberty, or property, without due process of law.* Defendants had not evidence and was not given a fair trial with proper evidence.

50. Defendants concealed exculpatory evidence and was convicted based on that false evidence. This is a violation of his fair trial right under the Fourteenth Amendment and is actionable under §1983. See *Fields v. Wharrie,* 740 F.3d 1107 (7th Cir. 2014).

50. Defendants recklessly, maliciously, and under color of state law deprived Plaintiff of Plaintiff's liberty rights under the Fourteenth Amendment to the United States Constitution, he was tried and convicted of a crime that did not have proper evidence present.

51. This deprivation under color of state law is actionable under or may be redressed by 42 U.S.C. §1983.

## THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS- Against all Defendants

52. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth hereto.

53. Through Defendants' outrageous conduct as described herein and above, and continuing to the present, Defendants and their agents acted with a discriminatory intent to cause, or with a reckless disregard for the probability to cause, Plaintiff humiliation, mental anguish, and substantial and enduring emotional distress. To the extent that said outrageous conduct was perpetrated by certain agents of Defendants, Defendants authorized and ratified the conduct with the knowledge that Plaintiff's emotional and physical distress would thereby increase, and with a wanton and reckless disregard for the deleterious consequences to Plaintiff.

54. As a direct and proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has suffered special damages including but not limited to loss of wages, including front and back pay, and benefits, and consequential damages in an amount to be proven at time of trial, in excess of the minimum jurisdictional requirements of this Court.

55. As a further direct and proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has suffered and continues to suffer general damages including but not limited to significant and enduring emotional distress including humiliation, mental anguish and physical distress, injury to mind and body, in a sum to be proven at time of trial, in excess of the minimum jurisdictional requirements of this Court.

56. Plaintiff is further entitled to prejudgment interest in an amount to be shown at trial.

57. Defendants' outrageous conduct resulted in emotional distress to Plaintiff, and the devaluation of over the last 3 years of his life. Defendants' actions were fraudulent, malicious and oppressive. Plaintiff is thus entitled to and herein seeks punitive and exemplary damages from Defendants, in an amount according to proof at trial, to punish Defendants and deter Defendants and others from engaging in similar future conduct.

## FOURTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS- Against all Defendants

58. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth hereto.

59. Defendants and their agents negligently engaged in certain acts as alleged herein and above, which proximately resulted in injury and emotional distress to Plaintiff.

60. At all times material herein, Defendants knew, or in the exercise of ordinary care should have known, that unless Defendants and their agents ceased to engage in the aforementioned acts, or intervened to protect Plaintiff, and to prohibit, control, regulate and/or penalize the conduct of Defendants' agents, as alleged herein, that the conduct would continue, thereby subjecting Plaintiff to personal injury and emotional distress.

61. As a direct, proximate and foreseeable result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has suffered special damages including but not limited to loss of wages, including front and back pay, and benefits, and consequential damages in an amount to be proven at time of trial, in excess of the minimum jurisdictional requirements of this Court.

62. As a further direct and proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has suffered and continues to suffer general damages including but not limited to significant and enduring emotional distress including humiliation, mental anguish and

physical distress, injury to mind and body, in a sum to be proven at time of trial, in excess of the minimum jurisdictional requirements of this Court.

63. Plaintiff is further entitled to prejudgment interest in an amount to be shown at trial.

64. Defendants' intentional act resulted in foreseeable emotional distress to Plaintiff, and the devaluation of over last 63years of his life. Defendants' actions were fraudulent, malicious and oppressive. Plaintiff is thus entitled to and herein seeks punitive and exemplary damages from Defendants, in an amount according to proof at trial, to punish Defendants and deter Defendants and others from engaging in similar future conduct. Punitive damages are available based upon negligent infliction of emotional distress if the plaintiff can show that the defendant "intentionally performed an act from which he knows, or should know, it is highly probable that harm will result."

## FIFTH CAUSE OF ACTION
## CONSPIRACY

65. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth hereto.

66. Defendants agreed to violate the Plaintiff's rights in the manner described above. Further defendants made an agreement to attempt to cover up the causation of the fire.

67. Defendants took action in furtherance of this agreement by arresting Plaintiff and bringing charges against him.

WHERFORE, Plaintiff demand judgment against the Defendants, jointly and severally, as follows:

A. In favor of Plaintiff in an amount to be determined by a jury for each of the Plaintiff's Cause of action.

B. Awarding Plaintiff's punitive damages in an amount to be determined by a jury;

C.  Awarding Plaintiff's fees, costs, and disbursement of this action; and

D.  Granding such other and further relief an this Court deems just and propr.

### JURY DEMAND

Plaintiff demand a trial by jury.

DATED: September 13, 2021

*[signature: Marco A. Flores]*

MARCO A FLORES, *Pro Se*

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated: Anchorage, Alaska
       September 13, 2021

*(signed)* MARCO FLORES, Pro Se



**CERTIFIED MAIL**

7018 3090 0001 7888 4572

U.S. POSTAGE PAID
PM 1-Day
ANCHORAGE, AK
99530
SEP 13, 21
AMOUNT
$14.75
R2305M145568-11

PRESS FIRMLY TO SEAL

RETURN RECEIPT REQUESTED

**UNITED STATES POSTAL SERVICE** | **PRIORITY MAIL**

FROM:
Marco A. Flores
1425 W. 27th Ave #4
Anchorage, AK
99503

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

TO:
Fitzgerald United State Court House and Federal Building
222 West 7th Avenue,
Anchorage, Alaska
99501

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

**TRACKED ■ INSURED**

To schedule free Package Pickup, scan the QR code.

RETURN RECEIPT REQUESTED

PS00001000014    EP14F May 2020