# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MARCO A. FLORES,

                Plaintiff,

     v.

ANCHORAGE FIRE DEPARTMENT, *et al.*,

               Defendants.

Case No. 3:21-cv-00212-TMB

## ORDER OF DISMISSAL

On September 21, 2021, Marco A. Flores, a self-represented litigant, filed a Civil Rights Complaint along with a civil cover sheet and an Application to Waive Prepayment of the Filing Fee.[1] On September 30, 2021, Mr. Flores paid the $402.00 filing fee.[2]

### I.    Complaint

Mr. Flores alleges suit under 42 U.S.C. § 1983.[3] He names the 1) Anchorage Fire Department; 2) seven individually named firefighters; 3) John Doe Firefighters 1 to 30; 4) the Lead Fire Investigator; 5) the Anchorage Police

---

[1] Dockets 1–3.

[2] Docket 5.

[3] Docket 1 at 1.

Department; 6) John Doe Anchorage Police officers 1 to 15; and 7) the Bureau of Alcohol Tobacco, Firearms, and Explosives.[4]

Mr. Flores alleges that on December 4, 2011, a fire broke out in the condominium he and his wife rented.[5] Mr. Flores, his son, and granddaughter escaped the building, but his wife died in the blaze.[6] On September 12, 2015, Mr. Flores was arraigned on seven counts: 1) Murder in the First Degree; 2) Murder in the Second Degree; 3) Manslaughter; 4) Criminal Mischief in the First Degree; 5) Arson in the First Degree; 6) Assault in the Second Degree; and 7) Assault in the Fourth Degree.[7] The Court takes judicial notice that Mr. Flores

/ / /

/ /

/

---

[4] Docket 1 at 2–4.

[5] Docket 1 at 4.

[6] Docket 1 at 5–6.

[7] Docket 1 at 6; *State of Alaska v. Flores*, Case No. 3AN-15-08130CR "Party Charge Information." For a complete docket view of the state litigation in this matter, individuals may search Alaska state online case records at https://records.courts.alaska.gov/).

pleaded guilty and was sentenced to felony Assault 2 – Injury with Weapon on September 13, 2018.[8] The other six counts were dismissed by the prosecution.[9]

Mr. Flores alleges five claims. In Claim One, Mr. Flores alleges that on the day of the fire, he was held at the police station for five to six hours and notified he was being charged, but "there was no probable cause to hold him, nor evidence to support the charges against him," in violation of "liberty rights under the Fourteenth Amendment to the United States Constitution."[10] In Claim Two, Mr. Flores alleges that "Defendants concealed exculpatory evidence and [he] was convicted based on that false evidence" in violation of his right to a fair trial under the Fourteenth Amendment of the U.S. Constitution.[11] Claims Three and Four allege intentional infliction of emotional distress and negligent emotional infliction of emotional

---

[8] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201. *State of Alaska v. Flores*, Case No. 3AN-15-08130CR docket entry dated September 13, 2018 ("Charge Disposition. Defendant Convicted on Charge." For a complete docket view of the state litigation in this matter, individuals may search Alaska state online case records at https://records.courts.alaska.gov/).

[9] *State of Alaska v. Flores*, Case No. 3AN-15-08130CR docket entry dated September 13, 2018 "Charge Dismissed by Prosecutor: Charge(s) 1, 2, 3, 4, 5, 7 disposed with a disposition of Charge Dismissed by Prosecutor." For a complete docket view of the state litigation in this matter, individuals may search Alaska state online case records at https://records.courts.alaska.gov/).

[10] Docket 1 at 7.

[11] Docket 1 at 7.

distress from the criminal prosecution and events described above.[12]  Lastly, Mr. Flores alleges conspiracy, because "defendants made an agreement to cover up the causation of the fire."[13]

For relief, Mr. Flores requests 1) undetermined damages; 2) undetermined punitive damages; 3) fees and costs; and 4) other relief as deemed just and proper.[14]

## II. Screening Requirement

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[15]  In this screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[16]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted

---

[12] Docket 1 at 8–10.

[13] Docket 1 at 10.

[14] Docket 1 at 10–11.

[15] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

[16] 28 U.S.C. § 1915(e)(2)(B).

as true, "state[s] a claim to relief that is plausible on its face."[17]  In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[18]  Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[19]

III.    Discussion

For the reasons explained below, Mr. Flores fails to state a claim upon which relief can be granted.  Therefore, this action must be dismissed.

42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[20]  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal

---

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In making this determination, a court may consider "materials that are submitted with and attached to the Complaint."  *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[18] See *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[19] See *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[20] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Constitution or federal statutes."[21] To act under color of state law, a complaint must allege that the defendants acted with state authority as state actors.[22] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by federal law.[23]

A prisoner, or convicted person, may not bring a civil rights claim under 42 U.S.C. § 1983 that collaterally attacks his state court conviction. In *Heck v. Humphrey*, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus .... A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is *not* cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed ....[24]

---

[21] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[22] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[23] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[24] *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

Under this doctrine, when a plaintiff convicted of a state law crime seeks relief in a § 1983 suit, the federal district court must evaluate whether a judgment in the plaintiff's favor in the § 1983 suit would undermine the validity of the state court conviction.[25] In practical application, *Heck* "bars a plaintiff's action if it would negate an element of the offense . . . or allege facts inconsistent with the plaintiff's conviction[.]"[26] This rule applies regardless of whether the prisoner seeks damages or injunctive relief or who the target of the suit is, "if success in that action would necessarily demonstrate the invalidity of confinement or its duration."[27]

All of Mr. Flores's allegations grow out of his September 13, 2018 conviction of felony Assault in the Second Degree. Mr. Flores challenges the investigation into the criminal investigation and prosecution stemming from events of December 4, 2011 as demonstrated by the defendants named, his challenge to probable cause, and the accusation of defendants concealing exculpatory evidence. *Heck v. Humphrey* expressly prohibits federal district courts from entertaining these types of civil rights allegations, because they seek to undermine state court determinations and sentences. Though six of the seven charges were

---

[25] *Lemos v. Cty. of Sonoma*, 5 F.4th 979, 983 (9th Cir. 2021).

[26] *Sanders v. City of Pittsburg*, 14 F.4th 968, 970–71 (9th Cir. 2021) (relying on *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) and *Beets v. Cnty. of Los Angeles*, 669 F.3d 1038, 1046 (9th Cir. 2012).

[27] *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

dismissed by the prosecution, Mr. Flores still plead to Assault in the Second Degree arising from the facts of the December 4, 2011 incident and that conviction still stands. In order for Mr. Flores to procced on these claims, he must demonstrate that his conviction has been overturned on appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a writ of habeas corpus. The Court cannot grant such relief in a civil action, nor can these claims proceed due to the bar imposed by *Heck v. Humphrey*. Mr. Flores's remaining claims are state law tort claims over which this Court lacks jurisdiction.[28]

Mr. Flores fails to state a claim upon which relief can be granted. Therefore, this action must be dismissed.

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED WITHOUT PREJUDICE**.
2. All pending motions are **DENIED AS MOOT**.
1. Because Mr. Flores paid the filing fee unnecessarily, the Clerk of Court is directed to refund the filing fee within ten days of the date of this Order.
2. The Clerk of Court shall enter a final judgment.

DATED this 6th day of December, 2021 at Anchorage, Alaska.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[28] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998) (explaining that a court's subject matter jurisdiction is its "statutory or constitutional power to adjudicate a case."); *see also* 28 U.S.C. §§ 1331-32, 1367.